IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| LIZZIE W. HAMLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 09-2615-STA |
| | ) |
| BAPTIST MEMORIAL HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

_____

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS
_____

Before the Court is Defendant Baptist Memorial Hospital's Motion to Dismiss (D.E. # 30) and the Magistrate Judge's Report and Recommendation (D.E. # 46) that the Motion be granted. The Magistrate Judge has recommended that the Court dismiss Plaintiff's employment discrimination claims on the basis of judicial estoppel. The Magistrate Judge found that Plaintiff did not include her legal claims against Defendant on her bankruptcy petition and only disclosed her claims in the bankruptcy proceeding after Defendant filed its Motion to Dismiss. The Magistrate Judge concluded that the doctrine of judicial estoppel should apply and that Plaintiff's Complaint be dismissed. The Magistrate Judge filed her Report and Recommendation on January 27, 2011, making any objections due on or before February 10, 2011.[1]

---

[1] The Court notes that the Clerk's Office of the United States District Court for the Western District of Tennessee at Memphis was closed on Thursday, February 10, 2011, due to inclement weather. As a result, the Clerk's Office was "inaccessible" on that day. Fed. R. Civ. P. 6(a)(3). Plaintiff filed her Response on the "first accessible day" after February 10, making her filing timely.

1

On February 11, 2011, Plaintiff, who is proceeding *pro se* at this time,[2] filed a response (D.E. # 47) to the Report and Recommendation.  However, even construing Plaintiff's brief liberally, the Court finds that Plaintiff has not made any specific objections to the Report.  Plaintiff has included a series of statements that are non-responsive to the factual and legal issues discussed in the Magistrate Judge's Report.  For example, Plaintiff states, "I am asking that I please receive some justice for the wrong that was done intentionally to me" and "My purpose is not to get rich.  If I don't get a penny, I am fine with it.  I tried to the best of my ability" and "What I would like more than anything is that something is done to correct all the wrongdoing that is taking place within Baptist Hospital."  Other statements do not concern Plaintiff's case or the issue of judicial estoppel at all.  ("I did start a business not knowing what I was doing and the recession, the work done was short.  The money made was small" and "My daddy sharecropped until 1964 (December) we moved to Memphis from Collierville" and "My daddy was a sanitation worker.")  The Court finds that these portions of Plaintiff's response do not properly address the Magistrate Judge's Report and Recommendation.  Therefore, the Court cannot consider them as objections to the Magistrate Judge's recommendation to dismiss the case.

Plaintiff's Response does include some contentions that are at least relevant to the case at bar.  However, the Court finds that even when viewed in a light most favorable to Plaintiff, none

---

[2] Plaintiff filed her initial Complaint (D.E. # 1, Sept. 21, 2009), an Amended Complaint (D.E. # 14, Feb. 22, 2010), and an Amendment to Original Complaint (D.E. # 17, Mar. 15, 2010), all while acting *pro se*.  Plaintiff then retained counsel, who prepared another Amended Complaint (D.E. # 26, May 15, 2010).  Defendant filed its Motion to Dismiss on July 1, 2010.  Shortly thereafter, counsel for Plaintiff filed a motion to withdraw, which was granted on Sept. 3, 2010.  The Court subsequently noted that Plaintiff's attorney had passed away on September 10, 2010, and granted Plaintiff additional time to retain new counsel and/or respond to Defendant's Motion to Dismiss.  Plaintiff filed her *pro se* response to Defendant's Motion on December 9, 2010.

of these statements constitute clear and specific objections to the Magistrate Judge's Report. For example, Plaintiff states, "I do not remember if I told the courts that I am suing because of wrongful termination or if they looked at my separation sheet and determined themself (sic) the reason for the switch." Even giving Plaintiff the benefit of any inference, it is not clear to the Court what the "switch" is or how it bears on the question of whether Plaintiff is judicially estopped from proceeding with her claims against Defendant. In another portion of Plaintiff's response, Plaintiff claims, "The law changed as far a (sic) filing dates after my first filing." But Plaintiff cites no legal authority for this statement nor gives the Court any specific basis to reject the Magistrate Judge's recommendations. Finally, Plaintiff states, "I did not plan the order in which things were done, they just happened, maybe because I could not get any legal affordable help. . . ." Again the Court is left to speculate about the meaning of this statement and how it challenges the Magistrate Judge's Report and Recommendation.

The Court finds that taken as a whole, Plaintiff's brief amounts to a general objection to the Magistrate Judge's recommended disposition. The Sixth Circuit has opined that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency.[3]

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting

---

[3] *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

>  to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.[4]

The Court holds that Plaintiff has failed to present any specific objections to the Magistrate Judge's conclusion that Plaintiff is judicially estopped from proceeding with her claims and that the claims should therefore be dismissed.

Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, and the entire record of the proceeding, the Court hereby **ADOPTS** the Magistrate Judge's Report and **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 14, 2011.

---

[4] *Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985)).